IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK W. KOHN, JR., ALEX R. KOHN,
a Minor, and MEGAN E. KOHN, a Minor,             ORDER

                Plaintiffs,
    and                                           07-C-112-C

HMS PREFERRED HEALTH CHOICES, INC.,

        Involuntary Plaintiff,

    v.

BLACKPOWDER PRODUCTS, INC.,
CABELA'S RETAIL, INC., and
EMPLOYERS MUTUAL CASUALTY COMPANY,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action for monetary relief, plaintiffs Mark, Alex and Megan Kohn contend that defendant Cabela's Retail, Inc. and Blackpowder Products, Inc. manufactured and sold a defective and unreasonably dangerous muzzle loading rifle to plaintiff Mark Kohn, which exploded in Kohn's face when he fired it, causing him severe injuries.

       Defendant Blackpowder Products, Inc., with the consent of defendant Cabela's Retail, Inc., removed this case from state court, invoking this court's diversity jurisdiction. Diversity

1

jurisdiction exists only if no plaintiff and defendant are citizens of the same state and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Given the seriousness of the injury plaintiffs have alleged, there is little question that the amount in controversy exceeds $75,000.  However, a review of the case file does not resolve clearly whether the parties are completely diverse in their citizenship.  Therefore, I must ask defendants to provide this court with verification of the diversity of citizenship between the plaintiffs and all of the defendants.  Failure to make such a showing will result in an order remanding this action to state court.

As the parties are likely aware, it is the responsibility of a district court to insure that it has jurisdiction to hear each case presented to it.  Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379 (7th Cir. 2000).  Jurisdiction in a removal action must exist at the time of removal, Shaw v. Dow Brands, Inc., 994 F.2d 364, 367 (7th Cir. 1993).  If at any time jurisdiction is determined to be lacking, the case must be remanded to state court.  Rothner v. City of Chicago, 879 F.2d 1402 (7th Cir. 1989).

At the time of removal, the parties in this case were not the parties presently shown in the caption of this order.  Rather, they were identified in the complaint and in the notice of removal as follows.

- Plaintiffs Mark, Alex and Megan were alleged to be "residents" of the state of Iowa, with an address of 1961 Stanton St., Dubuque, Iowa.

2

- Involuntary plaintiff "HMS Preferred Health Choices, Inc." was listed as "Medical Associates Health Plan, Inc.," which was alleged to be an Iowa corporation with its principal place of business in Dubuque, Iowa.
- Defendant Blackpowder Products, Inc., was alleged to be a Georgia corporation with its principal place of business in Norcross, Georgia.
- Defendant Cabela's Retail, Inc. was alleged to be a Nebraska corporation with its principal place of business in Sidney, Nebraska.
- The citizenship of two defendants, ABC and DEF Insurance companies, was unknown.

Subsequently, on April 17, 2007, I accepted a stipulated agreement between the parties that provided in relevant part for 1) dismissal of the entity identified as "ABC Insurance Company"; 2) substitution of HMS Preferred Health Choices, Inc. in place of Medical Associates Health Plan, Inc., as an involuntary plaintiff; and 3) substitution of Employers Mutual Casualty Company in place of defendant DEF Insurance Company. According to the parties' stipulation, involuntary plaintiff HMS Preferred Health Choices, Inc. is an Iowa corporation with its principal place of business in Iowa. Defendant Employers Mutual Casualty Company also is alleged to be an Iowa corporation, with its principal place of business unrevealed.

As an initial matter, I note that it was unnecessary for defendants to determine the

citizenship of the ABC and DEF Insurance companies at the time of removal. 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

However, two other matters relating to the diversity of the parties are of concern. First, for the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Although I suspect that plaintiffs' place of residency and place of citizenship may be the same, it was defendants' burden to establish citizenship at the time of removal. At the present time, they have established plaintiffs' residency only.

Second, it may be that diversity jurisdiction was destroyed when the parties agreed to include Employers Mutual Casualty Company as a defendant. The citizenship of a business entity is determined by its organizational structure. A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which its principal place of

4

business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). Although defendants have not identified Employers' principal place of business as it must, they assert that Employers was incorporated in Iowa. This is the same state in which they contend the now identified involuntary plaintiff, HMS Preferred Health Choices, Inc., is alleged to have been incorporated and have its principal place of business and where the plaintiffs possibly have citizenship. If it is true that the plaintiffs are citizens of Iowa and that one of the defendants is deemed a citizen of Iowa, then it appears clear that diversity jurisdiction does not presently exist and the case will have to be remanded to state court.

ORDER

IT IS ORDERED that defendants may have until October 24, 2007, to provide this court with verification of the diversity of citizenship between themselves and each of the named plaintiffs. Failure to comply with this deadline will result in an order of remand on

the ground that this court lacks jurisdiction to entertain the action.

Entered this 11th day of October, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge