IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK W. KOHN, JR., ALEX R. KOHN,
a Minor, and MEGAN E. KOHN, a Minor,                    ORDER

                         Plaintiffs,

        and                                      07-C-112-C

HMS PREFERRED HEALTH CHOICES, INC.,

             Involuntary Plaintiff,

       v.

BLACKPOWDER PRODUCTS, INC.,
CABELA'S RETAIL, INC., and
EMPLOYERS MUTUAL CASUALTY COMPANY,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 11, 2007, I directed defendants to provide this court with information about the citizenship of the plaintiffs and to confirm that there was complete diversity of citizenship between the plaintiffs and the defendants. Now defendants have responded to that order. They have filed proof that plaintiffs are citizens of Iowa. In addition, they have confirmed that the citizenship of the involuntary plaintiff is Iowa and that defendants Blackpowder and Cabela's are citizens of Georgia and Nebraska respectively.

1

As for defendant Employers Mutual Casualty Company, at the time the lawsuit was removed to this court, this defendant was listed in the caption of plaintiffs' complaint as DEF insurance company, a fictitious identity whose citizenship is disregarded.  Later, however, on April 17, 2007, I accepted a stipulated agreement between the parties that provided in relevant part for the substitution of Employers Mutual Casualty Company in place of the DEF Insurance Company.  I did not notice at the time that the stipulation included information suggesting that defendant Employers Mutual Casualty Company was an Iowa corporation, whose citizenship would destroy diversity jurisdiction.  Now, however, counsel for defendant Cabela's avers in an affidavit that Employers is not now and never has been a party to this lawsuit, because it has never been served with plaintiffs' complaint and that it is beyond the 120-day time period permitted under Fed. R. Civ. P. 4(m) for plaintiff to serve Employers with their complaint.

Unfortunately, a party becomes a defendant when the complaint naming the party is filed, "as that is when suit against the defendant is commenced." Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997).  The complaint against defendant Employers was commenced at the time I accepted the stipulation of the parties to substitute Employers in place of DEF Insurance Co.  At that moment, diversity of citizenship was destroyed.  It does not matter for the purpose of determining citizenship that defendant Employers has not been served formally with plaintiff's complaint. Id. at 217-

218. In any event, it appears that service of process on Employers may have been waived by the parties' stipulation that "Employers Mutual Casualty Company may continue to be represented in this matter by Attorney Michael J. Coyle," who is the lawyer who appears in this case for defendant Cabela's Retail, Inc., defendant Employers' insured.

Because defendants have not put in evidence to show that defendant Employers is not and never has been a party to this lawsuit or that it is a nominal party or a dispensable non-diverse that may be dropped pursuant to Fed. R. Civ. P. 21, see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989), I conclude that this court lacks jurisdiction to hear the case and that it must be remanded to state court.

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Grant County, Wisconsin because this court lacks jurisdiction over the case.

Entered this 25th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3